IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARR ANGELL, Individually, and STATE
OF NEW MEXICO, ex rel DARR ANGELL,

       Plaintiffs,

vs.                                                                                              Civ. No. 03-0318 MV/RLP

SHELL OIL COMPANY, POLARIS
PRODUCTION CORPORATION and
UNITED OPERATING, LLC,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to Defendant Shell Oil Company's Opposed Motion to Transfer and Refer, filed April 7, 2003, **[Doc. No. 6]**. The Court, having reviewed the motion, briefs, and being fully advised on the law, finds that the motion is not well-taken and will be **DENIED**.

### FACTUAL BACKGROUND

Defendants Shell Oil Company ("Shell"), Polaris Production Corporation ("Polaris"), and United Operating, LLC ("United") are, or were, operators of an oil and gas lease on Plaintiff's property in Lea County, New Mexico. On August 12, 2002, Plaintiff filed this lawsuit in the Fifth District Court for the County of Chaves, New Mexico, seeking damages and injunctive relief against Defendants for contamination of Plaintiff's property from the operation of the oil and gas lease. Plaintiff's Complaint alleges a number of state law claims, including negligence, trespass, nuisance, and unjust enrichment.

On February 20, 2003, United filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Midland Division. Shell subsequently removed the case to this Court pursuant to 28 U.S.C. § 1452(a), which permits a party to remove any claim or cause of action that a district court has jurisdiction over pursuant to 28 U.S.C. § 1334, and filed the instant motion to transfer the case to the Western District of Texas where it would be referred automatically to the United States Bankruptcy Court for the Western District of Texas, Midland Division. Plaintiff and Polaris oppose the proposed transfer.

## DISCUSSION

**A**  **Jurisdiction**

Before the Court may reach the venue question, it must first determine whether it has subject matter jurisdiction over this case. Although neither party challenges the Court's jurisdiction, "[i]nsofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (quoting *Tafoya v. United States Dept. of Justice*, 748 F.2d 1389, 1390 (10th Cir.1984)).

Pursuant to 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Related to" proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. *In re Colorado Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984). "The test for determining

whether a civil case is related to a bankruptcy case is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate."
*In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990) (quotation and citations omitted); *see also In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (related matters conceivably have effect on administration of bankruptcy estate); *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir.1987) (same); *In re Bobroff*, 766 F.2d 797, 802 (3d Cir.1985) (same).

Plaintiff seeks to recover, under various state law theories, for contamination to his property.  The suit is not based on any right created by federal bankruptcy law, nor could it arise only in the context of bankruptcy.  Indeed, the case was filed in state court prior to United's bankruptcy, and, in the absence of the bankruptcy, the case would have continued in state court.  A judgment against United, however, could  "conceivably" effect United's liabilities and alter the handling of United's bankruptcy estate.  Therefore, this Court has jurisdiction under 28 U.S.C. § 1334(b).

   B.    Motion to Transfer Venue

In its motion, Shell seeks to have this action transferred to the Western District of Texas, where it will be referred automatically to the bankruptcy court where United's title 11 petition is pending.  Shell does not state under what statute it seeks to transfer venue of this case.  There are two possibilities:  28 U.S.C. § 1412 and 28 U.S.C. § 1404.

Section 1412 authorizes transfer of cases under title 11:

3

>A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412 .

Many courts, after considering its legislative history, have concluded that Section 1412 does not apply to "related to" cases.  Section 1412 replaced Section 1475, which was repealed as part of the Bankruptcy Reform Act of 1978.  Section 1475 provided that a "bankruptcy court may transfer a case under title 11 *or a proceeding arising under or related to such a case* to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475 (emphasis added).  The phrase "related to such a case" was deleted from Section 1412.  Many courts have found that the deletion of this language evidences an intent by Congress to limit application of Section 1412 to cases under title 11.  *See, e.g., Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32 (S.D.N.Y. 2000) (§ 1412 applies only to "core" bankruptcy proceedings); *In re Jackson*, 1998 WL 778057,*2 (N.D.Ill.1998); *but see In re Bruno's, Inc.*, 227 B.R. 311, 323 (Bankr.N.D.Ala.1998) (finding that 28 U.S.C. § 1412 is the applicable change of venue statute for determining whether a transfer of proceedings related to the bankruptcy case).  This interpretation is consistent with caselaw interpreting the "arising under," "arising in" and "related to" language contained in 28 U.S.C. § 1334(b).  *See, e.g., In re Colorado Energy Supply, Inc.*, 728 F.2d at 1286.

The Court was unable to locate any 10th Circuit precedent on this issue. At least one lower court in the 10th Circuit has reasoned, based on the legislative history, that Section 1412 was not intended to apply to cases that merely "related to" bankruptcy proceedings.  *See Ni Fuel Co., Inc. v. Jackson*, 257 B.R. 600, 623 (N.D.Okla.2000).  This Court is similarly persuaded that

4

the omission of the "related to" language supports the conclusion that Section 1412 applies only to cases under title 11 and, therefore, motions to transfer actions "related to" title 11 cases should be governed by Section 1404, the general change of venue provision.

Section 1404, provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404.

The defendant bears the burden of demonstrating why the case should be transferred to an alternate forum. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1515 (10th Cir. 1991). First, the defendant must demonstrate that the transferee forum is one where the action "might have been brought." The Court determines "where the action might have been brought" as of the time the action was originally filed. *See Hoffman v. Blaski*, 363 U.S. 335, 342-44, 80 S.Ct. 1084, 1089-90 (1960) (the phrase "where an action might have been brought" refers to those districts where the plaintiff had a right to bring the suit originally). The transferee forum must be one in which personal jurisdiction and venue is satisfied as to all defendants. *See* 15 Wright & Miller, Federal Practice and Procedure § 3845.

Second, defendant must show that a transfer of venue will serve the convenience of the parties and the interests of justice. In deciding a transfer motion, the Court considers the private and public interest factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947). Private factors relate to the convenience of the litigants and include (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place

of the alleged wrong; and (5) the possibility of delay and prejudice if transfer is granted. *Id.* The public interest factors include (1) the administrative difficulties resulting from court congestion; (2) the relationship to the litigation of the community from which jurors will be drawn; (3) the local interest in having localized controversies decided at home; (4) and choice of law issues. *Id.* at 508-09. Unless the balance of factors strongly favors the movant, the Court will not disturb a plaintiff's choice of forum. *Id.* at 508. The decision to transfer a case ultimately falls within the district court's sound discretion. *Id.; Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964).

Shell has failed to carry its burden to demonstrate that transfer of this action is appropriate under Section 1404. First, Shell has not demonstrated that this action could have been brought in the Western District of Texas. Nor is it apparent that it could have been. The parties are all residents of New Mexico and the claims are all brought under New Mexico law. Consequently, at the time this action was brought, it does not appear that it could have been filed in any federal court. *See Hoffman v. Blaski*, 363 U.S. 335 (1960) (rejecting argument that "where it might have been brought" should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer).

Second, Shell has not demonstrated that the requested transfer will serve the convenience of the parties and the interests of justice. Shell argues that the action should be transferred because a bankruptcy court is in a better position to decide certain issues affecting a bankruptcy. Shell has not demonstrated, however, that the bankruptcy court is in a better position to address any of the specific issues raised in this case. Indeed, several factors suggest that the interests of justice would not be served by transferring this action to the bankruptcy court. A bankruptcy

6

court has limited jurisdiction over "related to" cases.  Absent consent of the parties, a bankruptcy court cannot issue a final judgment in a "related to" case, but can only submit proposed findings of fact and conclusions of law to the district court.  The district court must then review the findings of fact and conclusions of law *de novo* and enter a final order.  This duplication of effort does not further the interests of justice.  Further complicating the matter of transfer is the fact that Plaintiff has requested a jury trial in this case, and, under 28 U.S.C. § 157(e), a bankruptcy judge may conduct a jury trial only if the parties expressly consent and if the district court has specially designated the bankruptcy judge to conduct the jury trial.  The General Order Regarding Removals of Bankruptcy Related Proceeding From State Court issued by the United States District Court for the Western District of Texas does not authorize a bankruptcy judge to conduct a jury trial.

     Shell argues that the requested transfer is in the interests of justice because Shell may file an alter ego action against a non-defendant and that such a claim can only be brought in the bankruptcy court.  Even assuming Shell is the appropriate party to bring an alter ego claim, Shell has not demonstrated that the alter ego claim is a necessary part of this case.  Furthermore, the Court will not consider hypothetical claims as support for a motion to transfer.

     Finally, Shell notes that the courthouse in Midland is physically closer to Plaintiff than the courthouse in Albuquerque.  Other than this single assertion, Shell provides no argument regarding the convenience of the Western District of Texas for the parties and the witnesses.

     Shell has not satisfied its burden to demonstrate that the Western District of Texas is a jurisdiction where this case could have been brought and that considerations of convenience and the interests of justice weigh in favor of transfer.  Consequently, the Court will not transfer this

matter to the Western District of Texas.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Shell Oil Company's Opposed Motion to Transfer and Refer, filed April 7, 2003, **[Doc. No. 6]**, is hereby **DENIED**.

Dated this 20th day of August, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff Darr Angell:
    Michael Newell, Esq.

Attorneys for Defendant Shell Oil Company:
    Marte D. Lightstone, Esq.

Attorneys for Defendant United Operating, LLC:
    William G. Shoobridge, Esq.

Attorneys for Defendant Polaris Production Corp.:
    Thomas L. Marek, Esq.