IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARR ANGELL, Individually,
and STATE OF NEW MEXICO
*ex rel.* DARR ANGELL,

        Plaintiffs,

vs.                                                         No. 03-CV-318 JCH/RLP

SHELL OIL COMPANY and POLARIS
PRODUCTION CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Shell Oil Company's ("Shell") partial Motion for Summary Judgment and Consolidated Memorandum of Law, filed July 29, 2005 **[Doc. No. 47]**. The Court having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well taken will be granted.

### BACKGROUND

Plaintiff Angell owns property (Sections 1 and 10, Township 15 South, Range 37 East, Lea County, New Mexico) that allegedly was contaminated by Defendants Shell and co-defendant Polaris Production Corporation. Between 1947 and 1973, Defendant Shell had oil and gas leases and operations on the north half of Section 1 and the east half of Section 10. In 1973, Defendant Shell sold all of its interests in Sections 1 and 10 to Centaur Petroleum Corporation and Defendant Polaris. After Defendant Shell's assignment of its interests in the property, Defendant Shell had no oil and gas operations on the property.

Plaintiff Angell purchased Section 1 in 1992 and Section 10 in 1993. The deed does not

contain any express language assigning to Plaintiff the seller's right to sue. The deed provides that the property being conveyed is "THE SURFACE ESTATE ONLY, INCLUDING DIRT, SAND, GRAVEL AND CALICHE." In an affidavit, the seller indicates that he "did not intend that any claims or causes of action against Shell or Polaris as to environmental issues related to oil and gas operations conducted on the Priest and Pacific lease would not be assigned to Darr Angell." In an affidavit, Plaintiff Angell states, "When I acquired the property I understood that I obtained and intended to obtain the right to bring actions to clean up environmental contamination caused by oil and gas operations."

In 2002, approximately twenty years after Defendant Shell ceased operating on the property, Plaintiff Angell sued Defendant Shell for alleged contamination resulting from its oil and gas operations on the property prior to 1973. Plaintiff Angell does not allege that any Shell operations contaminated the property after his purchase in the early 1990s. Plaintiff Angell does allege, however, that contaminants from Defendant Shell's operations have migrated horizontally and vertically, and that his injury continues as a result of Defendant Shell's failure to claim up the locations. In an affidavit, Plaintiff Angell states that he "ha[s] caused environmental surveys to be conducted on the leases at issue herein. There is continuing injury to the surface, subsurface and groundwater from these leases."

## STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247-48 (1986).  Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997).  "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'"  *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim.  *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).  If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

**DISCUSSION**

Defendant Shell moves for summary judgment on the ground that Plaintiff Angell does not own a cause of action for property damage against Shell, *i.e.*, that Plaintiff does not have standing to bring suit. According to Defendant Shell, the facts undisputably demonstrate that the alleged injury occurred prior to 1973, nearly twenty years prior to the time Plaintiff Angell acquired an ownership interest in the property. Defendant Shell cites *Calendonian Coal Co. v. Rocky Cliff Coal Mining Co.* for the proposition that a cause of action for injury to property belongs to the owner of the property at the time of the alleged injury, and subsequent purchasers cannot sue for an injury to property absent an express provision in the deed granting them that right. 16 N.M. 517, 525-26, 120 P. 715, 717-19 (N.M. 1911). In response, Plaintiff Angell argues that the alleged injury did not just occur prior to the time of Plaintiff Angell's ownership of the property, but rather that the injury has continued to occur through the present. Because injury has occurred while Plaintiff Angell has owned the property, Plaintiff argues that he has standing to maintain this suit.

When an injury is not permanent in character, and instead is temporary or continuing, New Mexico courts have not limited the injury to a single occurrence but rather have declared the injury recurring under a continuing tort or wrong theory. *See Valdez v. Mountain Bell Tel. Co.*, 107 N.M. 236, 240, 755 P.2d 80, 84 (N.M. Ct. App. 1988) ("The general rule . . . is that where a structure or nuisance is such that its construction and continuance are not necessarily injuries [*i.e.*, are not permanent in character], damages may be awarded for successive injuries, and a new statute of limitations begins to run from the date of each injury"); *McNeill v. Rice Eng'g & Operating Inc.*, 128 P.3d 476, 483 (N.M. Ct. App. 2005) (where an injury is continuous intermittent in nature, the statute of limitations begins to run for an intermittent injury with the

4

date of each discrete new injury and for a continuous injury with each new day), *cert. denied*, 132 P.3d 596 (N.M. 2006). In support of his argument that migrating contamination constitutes a recurring injury, Plaintiff Angell cites *Hoery v. United States*, in which the Tenth Circuit, applying Colorado law, held that both the presence and continuing migration of toxic chemicals from the government's property to the plaintiff's property constituted a continuing injury. 324 F.3d 1220, 1223 (10th Cir. 2003).

Defendant Shell argues that *Hoery* is not binding on this Court because it applies Colorado and not New Mexico law. Defendant Shell further argues that *Hoery* applies to the migration of toxic chemicals from one parcel of property to another parcel of property, and not continued migration or expansion of contamination that already was on the parcel of property when it was purchased. Defendant Shell also argues that the alleged contamination here is not a new or recurring injury but rather the same persistent injury that has allegedly worsened, through migration or expansion, over time. In support of this argument, Defendant Shell cites a Texas court of appeals case holding that a plaintiff alleging gradual leaking of alleged contamination caused by a defendant did not create new injury to land such that the plaintiff, without assignment, had standing to sue for injuries that occurred before he purchased the land. *West v. Brenntag Southwest, Inc.*, 168 S.W.3d 327, 335-36 & n.9 (Tex. Ct. App. 2005).

This Court need not decide whether, under New Mexico law, the contamination that originated on Plaintiff Angell's parcel of land and that allegedly continues to migrate or expand within Plaintiff Angell's parcel of land constitutes a recurring injury sufficient to give Plaintiff Angell standing to maintain this suit. In response to Defendant Shell's argument that Plaintiff Angell does not have standing, Plaintiff attaches only his own affidavit stating that he "ha[s] caused environmental surveys to be conducted on the leases at issue herein" and that "[t]here is

continuing injury to the surface, subsurface and groundwater from [Defendant Shell's] lease[]." This statement contains only a legal conclusion, *i.e.*, that the injury is continuing and not specific facts. Plaintiff Angell's affidavit contains no other statements, and Plaintiff Angell attaches no other admissible evidence, indicating that the alleged contamination (1) is in fact migrating on Plaintiff's property and (2) that the alleged migration is of the type to constitute a new or recurring injury (*e.g.*, worsening, compounding, expanding, etc.) and not simply the same injury moving from one location on Plaintiff's property to another location. Under Federal Rule of Civil Procedure 56, a party opposing summary judgment must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate '*specific facts* showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added). The legal conclusion attested to by Plaintiff Angell is insufficient to raise a genuine factual question whether injury has occurred on the property subsequent to the time Plaintiff Angell purchased the property.[1] Accordingly, the Court

---

[1] Defendant Shell argues not that Plaintiff failed to present any evidence of migration, but rather that Plaintiff failed to present expert testimony of new and recurring injury. Defendant, however, cites no authority indicating that a plaintiff must present expert testimony to establish a continuing injury. The line of cases requiring a plaintiff alleging medical malpractice to have an expert are distinguishable and therefore not persuasive. Defendant's citation to *Taygeta Corporation v. Varian Associates*, 763 N.E.2d 1053, 1062 (Mass. 2002), also is not persuasive because that case does not stand for the proposition that an expert is required to establish continuing injury but rather that a plaintiff need not be on notice of contamination in groundwater at the time the original contamination occurs. The *Taygeta* court explained that "by its nature, subsurface groundwater contamination is inherently unknowable in the absence of environmental testing" and that "consultants must drill monitoring wells, collect samples, and analyze the data" "[t]o establish its presence." *Id.* Moreover, the *Taygeta* case also is distinguishable because it arises only in the context of groundwater contamination. A plaintiff alleging unreasonable use of the surface estate, as opposed to contamination of the surface estate, need not necessarily demonstrate contaminants in the groundwater to prove the case. Accordingly, the Court rejects Defendant Shell's argument that Plaintiff must prove continuing injury only through expert testimony.

grants Defendant Shell's motion for summary judgment with respect to its standing argument.

Plaintiff Angell argues that even if he does not have standing under a continuing injury theory, the Court should nonetheless deny Defendant Shell's motion for summary judgment because a material question of fact exists with respect to whether Plaintiff acquired the right to sue for past damages. A right of action for injury to land is a personal right that does not pass with a subsequent conveyance of the land. *See, e.g.*, *Caledonian Coal Co.*, 16 N.M. at 525, 120 P. at 718; *U.S. v. Loughrey*, 172 U.S. 206, 211-12 (1898); *Koehn v. Ayers*, 26 F. Supp. 2d 953, 957 (S.D. Tex. 1998) (citation omitted), *aff'd*, 194 F.3d 1309 (5th Cir. 1999). Ordinary conveyance language in deeds does not convey a cause of action for injury to land. *Loughrey*, 172 U.S. at 211-12. Plaintiff Angell does not provide any evidence to dispute that the deed contains no specific language conveying the seller's right to sue to Plaintiff. To the contrary, the deed specifically provides that the property being conveyed is "THE SURFACE ESTATE ONLY, INCLUDING DIRT, SAND, GRAVEL AND CALICHE." The only evidence Plaintiff Angel does provide is a statement by the seller attesting to the fact that he "did not intend that any claims or causes of action against Shell or Polaris as to environmental issues related to oil and gas operations conducted on the Priest and Pacific lease would not be assigned to Darr Angell." Plaintiff also attaches his own affidavit in which he states, "When I acquired the property I understood that I obtained and intended to obtain the right to bring actions to clean up environmental contamination caused by oil and gas operations." Neither of these statements raises a factual question whether the deed contains express language conveying a right of action to sue to Plaintiff. Moreover, Plaintiff Angell makes no argument that the Court should look beyond the four corners of the deed and presents no facts that would justify looking beyond the corners of the deed.

7

Finally, Plaintiff State of New Mexico argues that the Court should not dismiss its public nuisance claim pursuant to New Mexico Statutes Annotated Section 30-8-8 because Defendant Shell's standing objection applies only to Plaintiff Angell's claims in his individual capacity.  The Court agrees.  Section 30-8-8 provides in relevant action that "A civil action to abate a public nuisance may be brought, by verified complaint in the name of the state without cost, by any public officer or private citizen."  That citizen need not own the property to bring suit.  Therefore, when Plaintiff Angell acquired the property or whether injury occurred on the property during Plaintiff Angell's ownership is irrelevant.

Defendant Shell argues for the first time in its reply brief that Plaintiff Angell cannot bring this suit on behalf of the State of New Mexico because he failed to comply with procedural requirements in the statue and because Plaintiff Angell "failed to allege, much less meet, the basic elements of a public nuisance claim."  The Court declines to consider these arguments because Defendant Shell did not raise them in its opening brief.  Accordingly, Defendant Shell did not satisfy its initial summary judgment burden of demonstrating that an absence of evidence exists to support the public nuisance claim.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant Shell Oil Company's ("Shell") partial Motion for Summary Judgment and Consolidated Memorandum of Law, filed July 29, 2005 **[Doc. No. 47]** is hereby GRANTED; Defendant Shell's motion for summary judgment on Plaintiff Angell's claims is granted.

**IT FURTHER IS ORDERED** that because Defendant Shell did not move for summary judgment on Plaintiff State of New Mexico *ex rel.* Darr Angell's public nuisance claim pursuant to New Mexico Statutes Annotated Section 30-8-8, that claim is still pending before the Court.

Dated this 5th day of June 2006.

                                                      JUDITH C. HERRERA
                                                     UNITED STATES DISTRICT JUDGE