### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

DARR ANGELL, Individually,
and STATE OF NEW MEXICO
*ex rel.* DARR ANGELL,

        Plaintiffs,

vs.                                          No. 03-CV-318 JCH/RLP

SHELL OIL COMPANY and POLARIS
PRODUCTION CORPORATION,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Shell Oil Company ("Shell") and Defendant Polaris Production Corporation's ("Polaris") Motion in Limine, filed May 19, 2006 **[Doc. No. 85]**, and Defendant Polaris's First Motion in Limine, filed May 19, 2006 **[Doc. No. 82]**. The Court having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motions are well taken in part will be granted in part.

### DISCUSSION

I.      <u>Defendants' Motion in Limine</u>.

Defendants Shell and Polaris first move for an order *in limine* preventing Plaintiffs from introducing any expert testimony or expert opinions in support of their claims on the ground that Plaintiffs have not designated any expert witnesses or provided any expert reports. In response, Plaintiffs state that any expert testimony will be provided by witnesses who have been disclosed and whose reports have been disclosed, including experts who have been hired by Defendants and reports which were generated for Defendants or were submitted to the New Mexico Oil

Conservation Division.  The Court grants Defendants' motion *in limine* to the extent it seeks to prohibit Plaintiffs from presenting expert testimony from an expert who has not been disclosed pursuant to the Federal Rules of Civil Procedure or this Court's orders.  To the extent Plaintiffs seek to present expert testimony from experts who have been disclosed or testimony that otherwise complies with the Federal Rule of Civil Procedure and this Court's Orders, the Court denies the motion.

Defendants next move for an order *in limine* prohibiting Plaintiffs from introducing any testimony, evidence, or argument that environmental contamination has migrated, worsened, or otherwise changed from its original location or condition on that ground that such evidence can only be substantiated by expert testimony and that Plaintiffs have failed to designate any expert witnesses.  Plaintiffs, in response, state that Defendants' experts will provide evidence of migration and contamination,  Pls' Resp. to Defs.' Mot. in Limine ¶ 2 ("The evidence includes reports submitted by Defendants which reflect migration of these contaminants"), and further contend that the fact finder can determine injury through common knowledge.  The Court rejects Defendants' contention that expert testimony is required in all instances to prove that contamination has migrated, expanded or otherwise changed.  *Cf.* Mem. Op. & Order, filed June 5, 2006, deciding Def. Polaris's Mot. for Summ. J. at 8-11.  Defendants have not cited, and the Court does not find, that any case requires such a holding.  *Id.*  The Court declines to determine out of context that expert testimony is necessary to prove migration or expansion of contamination under the facts of Plaintiffs' case.  Accordingly, the Court denies Defendants' motion *in limine* at this time.

Defendants also move for an order *in limine* prohibiting Plaintiffs from presenting any evidence or argument with respect to contamination of the water or any property injury

2

attributable to injury to the water on, underneath, or in the vicinity of Plaintiff Angell's property because Plaintiff Angell has presented no evidence that he owns any water rights to any impacted water. The Court denies Defendants' request. Plaintiff State of New Mexico *ex rel*. Darr Angell is a proper party to bring claims abate a public nuisance, here contaminated groundwater, under New Mexico Statutes Annotated Section 30-8-8, and ownership rights are not required for a party to bring an action under Section 30-8-8.

Defendants move for an order *in limine* preventing Plaintiffs from introducing any evidence or argument with respect to injury to surface water or groundwater because a claim that water has been contaminated must be proven through expert testimony. The Court already rejected this argument to the extent Defendants maintain that expert testimony is required to prove breach of duty in all negligence, trespass, or nuisance cases involving unreasonable use of the surface. *See id.* Moreover, Plaintiffs have indicated that they have expert evidence, from Defendants' experts, of groundwater contamination. The Court declines to determine, out of context, that expert testimony is necessary to prove injury to surface and groundwater. Accordingly, the Court denies Defendants' request at this time.

Defendants ask the Court to enter an order *in limine* prohibiting Plaintiffs from introducing, referring to, or testifying about an unsigned environmental report prepared by Jerry Nichols on the ground that the report, and any statements made therein, constitute inadmissible hearsay. Plaintiffs indicate, in response, that the Nichols report is not listed on their exhibit list. Plaintiffs do not argue that the report is not hearsay or that it is not subject to any exceptions to the hearsay rule. The Court grants Defendants' motion *in limine* to the extent any such statements constitute inadmissible hearsay under the Federal Rules of Evidence.

Defendants seek an order *in limine* prohibiting Plaintiff Angell from introducing any

evidence that his property value has diminished on the grounds that Plaintiff has not produced any expert opinions that establish the value of his land has diminished and that he has indicated in responses to discovery requests that he does not know the value of his property.  In response, Plaintiff Angell indicates that he does not anticipate offering any expert testimony as to diminished value, and that the theory of his case is not based upon diminution in property value.  The Court further notes that Plaintiff Angell's negligence and damages claims have been dismissed.  Accordingly, the Court grants Defendants' motion *in limine* and prohibits Plaintiff Angell from introducing evidence of diminished property value or property value generally.

Defendants also seek an order *in limine* on various non-specific grounds.  *See* Defs.' Mot. in Limine, ¶¶ 8-22.  The Court declines to grant Defendants' requests at this time because the Court will not determine, out of context, whether Defendants' requests have merit.

II.     Defendant Polaris's First Motion in Limine.

Defendant Polaris moves for an order *in limine* preventing Plaintiff Angell from introducing evidence regarding the present value of the Priest and Pacific properties and the cost to "clean up" the surface or groundwater contamination.  The Court already has granted Defendants' motion *in limine* regarding the value of the properties.  Plaintiff Angell, in response, indicates that he does not intend to introduce evidence regarding the cost of remediation.  The Court further notes that it dismissed Plaintiff's negligence and damages claims.  Accordingly, the Court grants Defendant Polaris's motion seeking an order prohibiting Plaintiff from presenting evidence regarding the cost of remediation.

Defendant Polaris next moves for an order *in limine* preventing Plaintiffs from offering an opinion as to whether surface or groundwater contamination exists on the property on the ground that Plaintiff Angell has admitted that he does not know the vertical and horizontal extent of the

4

contamination and that he does not have any expert testimony indicating that surface and groundwater contamination exist on the property. Plaintiff Angell has only admitted that he does not know the extent of any alleged contamination on the property and not that he does not know whether any contamination exists on the property. Accordingly, the Court grants Defendant Polaris's motion to the extent it seeks to prohibit Plaintiff Angell from stating an opinion regarding the vertical or horizontal extent of the contamination. The Court denies Defendant Polaris's motion to the extent it seeks to prohibit Plaintiff from presenting opinion testimony consistent with the Federal Rules of Evidence regarding the presence of alleged contamination on the property. In addition, the Court denies Defendant Polaris's motion to the extent it seeks to prohibit Plaintiff from introducing admissible evidence other than Plaintiff Angell's opinion testimony (*e.g.*, testimony from Defendants' experts or otherwise) regarding the alleged extent of contamination on the property.

Defendant Polaris also asks the Court to issue an order *in limine* prohibiting Plaintiff from introducing any evidence from a lay witness regarding the nature, duration, extent, and/or cause of the alleged surface and groundwater contamination because only expert testimony will suffice to prove the foregoing. The Court has rejected the application of a *per se* rule requiring expert testimony in all cases to establish trespass, nuisance, or negligence claims based upon injury to property. *See* Mem. Op. & Order, dated June 5, 2006, deciding Def. Polaris's Mot. for Summ. J. at 8-11. Because the Court declines to determine, out of context, whether all of Plaintiffs' lay witness evidence regarding the nature, duration, extent, and/or cause of the alleged surface and groundwater contamination is inadmissible, the Court denies Defendants' motion at this time.

Defendant Polaris seeks an order *in limine* prohibiting Plaintiff Angell from presenting evidence that Defendant Polaris's use of the subject property was the result of excessive,

unreasonable, or negligent use of the surface on the ground that only expert testimony would suffice to establish unreasonableness.  The Court already has rejected this argument.  *See id.*  For the same reasons, the Court denies Defendant Polaris's motion *in limine* on this ground.

Defendant Polaris further moves for an order *in limine* prohibiting Plaintiff Angell from asserting any opinion that Defendant Polaris had a duty to restore the subject property to its original condition or to some condition specified by Plaintiff.  Plaintiff does not seek to, and shall not be entitled to, render as evidence opinions regarding the law.  Accordingly, Defendant Polaris's motion *in limine* is granted to the extent it seeks to prevent Plaintiff from stating a legal opinion or conclusion.  The Court further notes that Plaintiff Angell does not appear to argue that Defendant Polaris had a duty to restore the property to its original condition, but rather that Defendant Polaris had a duty to use the surface estate in a reasonable manner.  This argument is consistent with New Mexico law.  Accordingly, to the extent Defendant Polaris seeks to prohibit Plaintiff's counsel from arguing that Defendant Polaris had a duty to use the surface estate in a manner that was not unreasonable, unnecessary, or excessive, the motion is denied.

Defendant Polaris seeks an order *in limine* prohibiting Plaintiffs from introducing any evidence of incidents that allegedly occurred on October 1, 1996, September 5, 1997, and December 16, 1997, on the ground that such events occurred more than four years before Plaintiffs filed the Complaint.  Defendant Polaris argues that the statute of limitations in New Mexico for injury to real property is four years, N.M. Stat. Ann. § 37-1-4, and that Plaintiffs are therefore barred from seeking to recover for these alleged incidents.  Plaintiffs, in response, maintain that they have alleged that the tort issues in this case are continuing in nature, and that evidence of the incidents Defendants seek to bar is relevant because Plaintiffs have alleged that Defendants engaged in actions which were unreasonable and excessive.

6

In New Mexico, provided that a plaintiff can establish that an injury is continuing in nature, the plaintiff can seek relief for injury to the property occurring in the four years preceding the filing of the complaint.  *See McNeill v. Rice Engineering & Operating Inc.*, 128 P.3d 476 (N.M. Ct. App. 2005) (the accrual date for claims that meet the requirements of the continuing wrong doctrine is for a continuous injury each new day; accordingly, plaintiff entitled to recover for damages occurring in the four years prior to the filing of the complaint; plaintiff not entitled to recover for damages occurring in the 36 years prior to the filing of the complaint).  However, this rule does not exclude all evidence of unreasonable acts that occurs outside of the four-year period but rather excludes evidence of injury to the property outside of the four-year period.  Therefore, if Plaintiff establishes the existence of a continuing wrong as defined by New Mexico law that tolls the statute of limitations and allows Plaintiff to seek relief for injuries occurring in the four years prior to the filing of the complaint, Plaintiff can use evidence that tends to show Defendant Polaris acted unreasonably or excessively even though the alleged unreasonable or excessive acts occurred outside of the four-year period.[1]  Accordingly, the Court denies Defendant Polaris's motion *in limine* to the extent it seeks a *per se* bar to the introduction of evidence of acts that occurred outside of the four-year period prior to the filing of the complaint.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant Shell Oil Company and Defendant Polaris Production Corporation's Motion in Limine, filed May 19, 2006 **[Doc. No. 85]**, is GRANTED IN PART as follows:

---

[1] Although the Court has dismissed Plaintiff Angell's negligence and damages claims, whether Defendant Polaris's use of the surface was unreasonable or excessive is still relevant to Plaintiffs' remaining claims.

(1) Defendants' motion an order *in limine* preventing Plaintiffs from introducing any expert testimony in support of their claims on the ground that Plaintiffs have not designated any expert witnesses or provided any expert reports is GRANTED to the extent the motion seeks to prohibit Plaintiffs from presenting expert testimony from an expert who has not been disclosed pursuant to the Federal Rules of Civil Procedure or this Court's orders, and DENIED to the extent Plaintiffs seek to present expert testimony from experts who have been disclosed or testimony that otherwise complies with the Federal Rule of Civil Procedure and this Court's orders;

(2) Defendants' motion for an order *in limine* prohibiting Plaintiffs from introducing any evidence or argument that environmental contamination has migrated, worsened, or otherwise changed from its original location or condition on that ground that such evidence can only be substantiated by expert testimony is DENIED at this time because the Court declines to decide the motion out of context;

(3) Defendants' motion *in limine* for an order prohibiting Plaintiffs from presenting any evidence or argument with respect to contamination of the water or any property injury attributable to contamination of water because Plaintiff Angell has presented no evidence that he owns any water rights is DENIED;

(4) Defendants' motion for an order *in limine* preventing Plaintiffs from introducing any evidence or argument with respect to injury to surface or ground water because a claim that water has been contaminated must be proven through expert testimony is DENIED at this time because the Court declines to determine the merits of the motion out of context;

(5) Defendants' motion for an order *in limine* prohibiting Plaintiffs from introducing, referring to, or testifying about an unsigned environmental report prepared by Jerry Nichols on

8

the ground that the report constitutes inadmissible hearsay is GRANTED to the extent the Nichols report constitutes inadmissible hearsay under the Federal Rules of Evidence;

(6) Defendants' motion for an order *in limine* prohibiting Plaintiff Angell from introducing any evidence that his property value has diminished or regarding the value of his property generally is GRANTED; and

(7) Defendants' motion for an order *in limine* on various non-specific grounds, *see* Defs.' Mot. in Limine, ¶¶ 8-22, is DENIED at this time, because the Court declines to determine, out of context, whether Defendants' requests have merit.

**IT FURTHER IS ORDERED** that Defendant Polaris's First Motion in Limine, filed May 19, 2006 **[Doc. No. 82]**, is hereby GRANTED IN PART as follows:

(1) Defendant Polaris's motion for an order *in limine* preventing Plaintiff Angell from introducing evidence regarding the present value of the Priest and Pacific Properties and the cost to "clean up" the surface or groundwater contamination is GRANTED;

(2) Defendant Polaris's motion for an order *in limine* preventing Plaintiffs from offering an opinion as to whether surface or groundwater contamination exists on the property on the ground that Plaintiff has admitted that he does not know the vertical and horizontal extent of the contamination is GRANTED;  Defendant Polaris's motion to exclude such opinion evidence on the ground that Plaintiff does not have any expert testimony regarding whether surface or groundwater contamination exists on the property is DENIED to the extent it seeks to prohibit Plaintiff from presenting opinion testimony regarding the presence of alleged contamination on the property that is consistent with the Federal Rules of Evidence and to the extent it seeks to prohibit Plaintiff from introducing other admissible evidence, from Defendants' experts or otherwise, regarding the extent of the alleged contamination on the property;

9

(3) Defendant Polaris's motion for an order *in limine* prohibiting Plaintiff from introducing any evidence from a lay witness regarding the nature, duration, extent, and/or cause of the alleged surface and groundwater contamination because only expert testimony will suffice is DENIED because the Court declines to determine, out of context, whether the motion has merit;

(4) Defendant Polaris's motion for an order *in limine* prohibiting Plaintiff Angell from presenting evidence that Defendant Polaris's use of the subject property was the result of excessive or unreasonable use of the surface on the ground that only expert testimony would suffice to establish unreasonable, unnecessary, or excessive use is DENIED;

(5) Defendant Polaris's motion for an order *in limine* prohibiting Plaintiff Angell from asserting any opinion that Defendant Polaris had a duty to restore the subject property to its original condition is GRANTED; Defendant Polaris's motion seeking to prohibit Plaintiff Angell from presenting evidence that Defendant Polaris's use the property was unreasonable, unnecessary, or excessive is DENIED; and

(6) Defendant Polaris's motion for an order *in limine* prohibiting Plaintiffs from introducing any evidence of incidents that allegedly occurred on October 1, 1996, September 5, 1997, and December 16, 1997, on the ground that such events occurred more than four years before Plaintiffs filed the Complaint is DENIED to the extent it seeks a *per se* bar to the introduction of evidence of acts that occurred outside of four years prior to the filing of the Complaint.

Dated this 9th day of June 2006.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

10